1  DON R. LOGAN
   P.O. BOX 1564
   COSTA MESA, CA 92627
2  (949) 872 6806

3  Non-Interested Party & Alleged Contemnor

4

5              UNITED STATES BANKRUPTCY COURT

6              CENTRAL DISTRICT OF CALIFORNIA

7                   SANTA ANA DIVISION

8

| | |
|---|---|
| In re | ) Case No. 8:07:12347-TA |
| COBALIS CORP., | ) Chapter 11 |
| Debtor-in-Possession | ) |
| | ) Adversary No. 08:09-AP-01705-TA |
| COBALIS CORP., a Nevada corporation, | ) |
| Plaintiff, | ) OBJECTIONS AND LIMITED |
| | ) RESPONSE OF NON-INTERESTED |
| | ) PARTY AND ALLEGED CONTEMNOR, |
| vs. | ) DON R. LOGAN TO ORDER TO SHOW |
| | ) CAUSE AMENDED COMPLAINT |
| YA GLOBAL INVESTMENTS, L.P., a Delaware limited partnership, formerly known as CORNELL CAPITAL PARTNERS, LP; and YORKVILLE ADVISORS, LLC, a Delaware limited liability company, | ) Date: April 5, 2011 |
| | ) Time: 2:00 p.m. |
| | ) Ctrm: 5B |
| | ) |
| | ) Hon. Theodor C. Albert |
| Defendants. | ) |

TO: THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE AND ALL INTERESTED PARTIES:

   Non-Party, Non-Interested Party, and Alleged Contemnor, DON R. LOGAN, respectfully submits the following Objections and Response to the Court's ORDER TO SHOW CAUSE entered February 11, 2011 in the above referenced Adversary Proceeding.

1

1. **THE ORDER TO SHOW CAUSE DOES NOT PROVIDE NOTICE TO MR. LOGAN WHAT PRIOR "COURT ORDER" HE ALLEGEDLY VIOLATED NOR DOES IT IDENTIFY ANY ALLEGED "STATEMENTS" WHICH HE HAS MADE THAT HAVE A CONNECTION WITH THE ABOVE CASE AND IS THEREFORE INFIRM UNDER CONSTITUTIONAL, STATUTORY, LOCAL RULE REQUIREMENTS**

The Order to Show Cause does not state what particular authority under which it was issued. A bankruptcy court as any court, has inherent authority to regulate the conduct of those appearing before it. Don R. Logan, (Mr.Logan) has not appeared before this Court. He has never been a debtor in a bankruptcy case. He is not a party in the adversary proceeding. He is not a creditor or other interested party in the Cobalis bankruptcy case. He has not 'submitted' to the jurisdiction of this court over his person by making a general appearance of filing a motion. Having never appeared before this Court and never having been involved in this adversary case or bankruptcy proceeding, Mr. Logan respectfully submits that this Court has no power under its 'inherent authority' to find him in contempt or even to summon him to appear before this Court to answer for vague, non-specific, un-identified conduct or statements.

Nor does 11 U.S.C. §105 (the power to issue orders necessary or appropriate to carry out the Bankruptcy Code) provide authority to this Court to find Mr. Logan in 'contempt' in that Mr. Logan is not interfering with any pending bankruptcy proceeding, (the Cobalis plan or reorganization was confired) and it is unclear how Mr. Logan's alleged contemptuous conduct would affect implementation or enforcement of the plan. (*In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005) (discussing limited nature of post-confirmation jurisdiction). [it] retains a certain flexibility . . . .")..

A Bankruptcy Court's jurisdiction is limited to matters 'related to' a case under Title 11; and 28 U.S.C. § 157(b) provides jurisdiction of bankruptcy courts to hear "core" matters.

1

1 | The OSC does not appear to relate to a case under Chapter 11 but rather to "statements" made in
2 | a website attributed to Mr. Logan's.
3 |     At a minimum, Local Bankruptcy Rule 9020-1(c)(2) requires that: "The allegedly
4 | contemptuous conduct be clearly identified in the proposed order and not just by reference to the
5 | content of the motion".  The "statements" which the Court wants Mr. Logan to 'show cause'
6 | about have not been specifically identified except by reference to a website which had a
7 | significant quantity of information posted to it.  The requisite degree of notice and specificity
8 | required by the rule is not met by simply referring to n entire website, no more so than to
9 | required an author to 'show cause' why he or she should not be held in contempt for
10 | "statements" in a book.  [The Bankruptcy Court's "Order to Show Cause" ("OSC") entered
11 | February 11, 2011 requires Don R. Logan ("Mr. Logan") " to show cause why Mr. Logan
12 | should not be held in contempt of court and enjoined from making statements regarding the
13 | above captioned case."  The failure to identify the alleged "statements" is also a fundamental
14 | violation Mr. Logan 's rights of due process and infringes on his first amendment rights.  The
15 | mere issuance of an OSC re contempt about statements made in a website has certainly had a
16 | chilling effect on Mr. Logan's free speech rights – if a judicial officer could issue an OSC
17 | against a citizen anytime the judicial officer was upset or disagreed with a citizen's statements
18 | of speech, and make the citizen appear and respond why he or she should not be held in
19 | contempt, the First Amendment would be eviscerated, as indeed it appears to have done so in
20 | this instance.
21 |     Moreover, if the alleged contempt is charge involves disrespect or criticism of a
22 | judgment, then that judge is should be disqualifed.
23 |     This same objections are made as to the second part of the OSC which orders Mr. Logan
24 | to appear before this Court to testify *regarding the creation of the Website [sic*
25 | *www.yagiscam.com], Mr. Logan's involvement and contacts with Cobalis Corporation (the*
26 | *"Debtor") and the Debtor's counsel, how Mr. Logan obtained materials posted on the Website,*
27 | *and such other matters that the Court may deem relevant"*.  First, there is no "debtor" anymore
28 |

2

1  – there is Cobalis, which is no longer a debtor post confirmation. Debtor's counsel was Rob
2  Goe. Cobalis is involved in an adversary proceeding as a plaintiff and its co-counsel are
3  Warren Nemiroff and Gregory Grantham. Mr. Grantham has been counsel to Mr. Logan and
4  has assisted Mr. Logan in preparing this response and respectfully, as that attorney client
5  relationship exists now, and existed at the time of creation of the website in that Mr. Grantham
6  represented Mr. Logan in connection with an unrelated matter involving Brian Smart and Smart
7  Assets, any order requiring Mr. Logan to explain his involvement and contacts with Mr.
8  Grantham is violative of the attorney client relationship.
9      The defendants in this adversary proceeding have commenced a lawsuit for defamation,
10 trade libel and other torts against Mr. Logan in the State of New Jersey, please see Exhibit "1"
11 attached hereto. The lawsuit concerns the www.yagiscam.com website at issue in this OSC.
12 Two courts can not have 'jurisdiction' over the same subject matter at the same time. Since the
13 defendants have chosen New Jersey state court as the forum to bring claims against Mr. Logan,
14 and it is the understanding of Mr. Logan that Cobalis is requesting this OSC, it is curious,
15 questionable and troubling why this Court would want to examine or investigate the same
16 subject matter which the defendants are suing Mr. Logan about in New Jersey as if this Court
17 was a roving examiner, inquisitor, or grand jury. Based on the foregoing objections, Mr. Logan
18 objects to having to appear, submit to this Court's jurisdiction, and answer questions posed by
19 this Court on any "matters which it deems relevant". (OSC, 2:7)
20     Without waiving the foregoing objections, as to which Mr. Logan would respectfully
21 request a formal ruling by the Court at the hearing, as to:
22
23 To the extent that it matters in regards to the website, it is not owned by Mr. Grantham, was not
24 commissioned by Mr. Grantham and was not written or published by Mr. Grantham, In
25 addition, Mr. Logan is not an employee of Mr. Grantham, is not an investigator for the Law
26 Office of Mr. Grantham and the website was not commissioned or controlled by Mr. Grantham.
27
28

3

1  As for Cobalis, Mr. Logan met some persons affiliated with Cobalis and came to learn
2  after a while that Cobalis was involved in a lawsuit with Cornell Capital. Cornell Capital
3  happened to be known to Mr. Logan because Mr. Logan, through one of his companies, was a
4  shareholder in American Eagle Motorcycle. American Eagle Motorcyle was sold to Bad Toys,
5  Inc., (which subsequently changed its name to Paladin Holdings).  Bad Toys entered into a
6  standby equity distribution agreement with Cornell Capital. Bad Toys owed American Eagle
7  Motorcycle compensation on the acquisition and needed funds for the manufacture of the
8  American Eagle line of motorcycles, (average price $20,000 - $35,000). Bad Toys stock went
9  steadily downward after the agreement with Cornell Capital. Cornell Capital and Bad Toys
10 were involved in litigation in which Bad Toys asserted a claim that Cornell Capital breached its
11 agreements by shorting stock alone and in concert with others. Bad Toys filed bankruptcy and
12 did not complete its litigation as it lacked sufficient funds. Mr. Logan learned the foregoing
13 information through conversations over the years with Bad Toys CEO, Larry Lunan.
14     Having heard Cobalis relate a similar tale of woe, Mr. Logan did some independent
15 research and find that other companies or their shareholders, such as Neomedia, were making
16 the same or similar allegations in lawsuits against Cornell. Mr. Logan therefore decided,
17 independent of Cobalis and Mr. Grantham, to create a website looking into these matters. Mr.
18 Logan received discovery materials from Mr. Grantham concerning the lawsuit. At no time did
19 Mr. Grantham ever advise Mr. Logan that the discovery materials were subject to a protective
20 order or confidentiality agreement. Had Mr. Logan been advised that the discovery materials
21 were subject to a protective order or confidentiality agreement, he would not have posted the
22 discovery materials on the website.
23    Based on the foregoing, Don R. Logan prays that the OSC be discharged.
24 Dated this 25th day of March, 2011.
25
26                    Respectfully submitted.
27                    DON R. LOGAN
28

4

**PROOF OF SERVICE OF DOCUMENTS**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 610 Newport Center Drive, Suite 600, Newport Beach, CA 92660 and correct copy of the foregoing document(s) described as:

**OBJECTIONS AND LIMITED RESPONSE OF NON-INTERESTED PARTY AND ALLEGED CONTEMNOR, DON R. LOGAN TO ORDER TO SHOW CAUSE AMENDED COMPLAINT**

will be served or was served (a) on the Judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.    SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the document. As of March 25, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

| | |
|---|---|
| Keith C. Owens<br>Foley & Lardner LLP<br>555 South Flower Street, 35th Floor<br>Los Angeles, CA  90071-2411<br>kowens@foley.com | **United States Trustee (SA)**<br>411 W Fourth St., Suite 9041<br>Santa Ana, CA 92701-4593<br>ustpregion16.sa.ecf@usdoj.gov |
| **Robert P Goe**<br>Goe & Forsythe, LLP<br>18101 Von Karman, Ste 510<br>Irvine, CA 92612<br>kmurphy@goeforlaw.com | Gregory Grantham, Esq.<br>John Saba, Esq.<br>jsbklaw@gmail.com |

**II.    SERVED BY U.S. MAIL AND/OR OVERNIGHT MAIL:**

On March 25, 2011, I served the following persons and/or entities by U.S. Mail at the last known addresses in this bankruptcy case or adversary proceeding. I also served the following persons and/or entities by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the Judge here constitutes a declaration that personal delivery on the Judge <u>will be</u> completed no later than 24 hours after documentation is filed.

**Via U.S. Mail**
Debtor Cobalis Corporation
Attn: Chaslav Radovich, President

5

2030 Main Street, Suite 1300
Irvine, CA  92614

### III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:

Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 25, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**Via Personal Delivery to Chambers**
The Honorable Theodor C. Albert
U.S. Bankruptcy Court – Santa Ana
411 West Fourth Street,
Santa Ana, CA  92701

| **Via Email** | **Via Email** |
|---|---|
| C. Luckey McDowell | Richard B. Harper |
| Baker Botts LLP | Kristin E. Flood |
| 2001 Ross Avenue | Baker Botts LLP |
| Dallas, TX  75201-2980 | 30 Rockefeller Plaza, 44th Floor |
| Email: luckey.mcdowell@bakerbotts.com | New York, NY  10112 |
| | Email: richard.harper@bakerbotts.com |

**Via Email**
David Filler / John Kelso
Levey, Filler, Rodriguez, Kelso & DeBianchi
1688 Meridian Ave., Ste. 902
Miami Beach, FL  33139
Email: dfiller@leveyfiller.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

```
   03/25/11         Gregory Grantham             /s/ Gregory Grantham    
     Date              Type Name                        Signature
```

6