1  Keith C. Owens (CA State Bar No. 184841)
   **FOLEY & LARDNER LLP**
2  555 South Flower Street, Suite 3500
   Los Angeles, California 90071-2411
3  Telephone: 213.972.4500
   Facsimile: 213.486.0065
4  Email: *kowens@foley.com*

5  C. Luckey McDowell (TX State Bar No. 24034565)
   **BAKER BOTTS L.L.P.**
6  2001 Ross Avenue
   Dallas, Texas 75201-2980
7  Telephone: 214.953.6500
   Facsimile: 214.661.6503
8  Email: *luckey.mcdowell@bakerbotts.com*

9  Counsel for YA Global Investments, L.P.

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>**COBALIS CORPORATION,**<br><br>    Debtor.<br>_____<br><br>**Cobalis Corporation**<br><br>    v.<br><br>**Cornell Capital Partners LP, Yorkville Advisors LLC, and YA Global Investments, L.P.** | **Case No 8:07-bk-12347-TA**<br>**Chapter 11**<br><br>Adv. No. 8:09-ap-01705-TA<br><br>**RESPONSE TO OBJECTION TO PROPOSED ORDER**<br><br>**Date:** April 5, 2011<br>**Time:** 2:00 p.m. PST<br>**Ctrm:** 5B<br>    411 West Fourth Street<br>    Santa Ana, CA<br>**Judge:** Hon. Theodor C. Albert |

**TO THE HON. THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE:**

YA Global Investments, L.P. ("YA Global") files this response to the *Notice of Objection to Proposed Order* (the "Objection") filed by Don Ramey Logan, and respectfully states as follows:

### Procedural Background

1. On April 5, 2011, the Court held a hearing to determine whether the Court should issue a protective order limiting Mr. Logan's use of material obtained through discovery in this Bankruptcy Case. After considering the arguments of counsel and parties, the Court directed counsel for YA Global to prepare an order limiting Mr. Logan's use of discovery materials. Per this Court's instructions, YA Global circulated the proposed order to Mr. Logan and Rey Olsen prior to lodging the order on April 8, 2011. Mr. Logan filed an Objection on April 11, 2011.

### The Proposed Order Accurately Reflects the Court's Ruling

2. As an initial matter, the Objection does not dispute that the proposed order accurately reflects the Court's ruling. Indeed, YA Global circulated the form of order to Messieurs Logan, Olsen, and Grantham before lodging it with the Court. After receiving a series of comments, counsel for YA Global revised the order to the extent that the comments were consistent with the Court's rulings. Nonetheless, the Objection raises arguments that are more appropriate for a motion to reconsider than an objection to the form of order. The Objection does not argue that the proposed order fails to accurately capture the Court's ruling in any respect.

### The Court Rejected the Arguments Raised in the Objection

3. The Objection repeats the same arguments that were made, and rejected, at the April 5 hearing. Although the arguments are not appropriate for an objection to the form of order, they can be quickly addressed.

4. First, Mr. Logan' argument that this Court lacks jurisdiction fails because this Court has both personal jurisdiction and subject matter jurisdiction over the dispute. The Court has personal jurisdiction over Mr. Logan because Mr. Logan resides within the geographical territory of this Court; the Court even went to the extra step of issuing a show cause order to guarantee that Mr. Logan had personal notice of the hearing. The Court has subject matter jurisdiction over the dissemination of materials produced pursuant to this Court's discovery powers. As discussed extensively in YA Global's briefs, Courts have wide discretion to tailor protective orders to address the unique circumstances before them.

5. Second, Mr. Logan's argument that this Court should defer to the New Jersey Court ignores the fact that the New Jersey Court has already deferred to this Court regarding the use of materials obtained through this Court's discovery powers. As detailed in YA Global's briefs, the New Jersey Court specifically exempted control of discovery materials from its protective order. Any argument to the contrary is a blatant attempt to play the two Courts involved in this matter against one another by convincing each to defer to the other.

6. Finally, the argument that the protective order will somehow prevent Mr. Logan from defending himself in the New Jersey action does not survive any scrutiny. While the protective order restricts Mr. Logan's ability to use documents obtained through this Court's discovery powers, the order does not prevent Mr. Logan from obtaining the documents through another Court's discovery powers. New Jersey courts, like all courts in the United States, have a discovery process. The proposed order does not impede Mr. Logan's ability to request documents from YA Global in the New Jersey litigation, and does not in any way relieve YA Global of its duty to comply, after the New Jersey Court rules on any objections, with YA Global's discovery obligations in that case.

WHEREFORE, YA Global urges the Court to overrule the Objection, enter the proposed order YA Global lodged with the Court on April 8, 2011, and grant YA Global all other further relief to which it may be entitled.

|  |  |
|---|---|
| Respectfully submitted, | April 12, 2011 |
|  | **FOLEY & LARDNER LLP** |
|  | BY: /s/ Keith C. Owens |
|  | Keith C. Owens |
|  | **BAKER BOTTS L.L.P.** |
|  | C. Luckey McDowell |
|  | Attorneys for YA Global Investments, L.P. |